IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

| | | |
|---|---|---|
| DIANNE E. MAY, | ) | |
| | ) | |
| Plaintiff, | ) | TC-MD 160240C |
| | ) | |
| v. | ) | |
| | ) | |
| WASHINGTON COUNTY ASSESSOR, | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| DEPARTMENT OF REVENUE, | ) | |
| State of Oregon, | ) | |
| | ) | |
| Defendant-Intervenor. | ) | **FINAL DECISION**[1] |

Plaintiff filed her Complaint on June 15, 2016, requesting property tax deferral for

property identified as Account R795624 (subject property) for the 2015-16 and 2016-17 tax

years. (Compl at 1; Ptf's Ltr at 1, June 28, 2016.) In its Answer, Defendant-Intervenor

Department of Revenue (the Department) agreed to grant Plaintiff's request for deferral for the

2016-17 tax year, but not for the 2015-16 tax year. (Ans at 1.) The only claim remaining is

Plaintiff's request for property tax deferral for the 2015-16 tax year.

## I. STATEMENT OF FACTS

At some point prior to the 2015-16 tax year, Plaintiff qualified for property tax deferral

for the subject property. On August 30, 2015, Plaintiff signed the Department's "Deferral

Cancel Statement" form. (Inv's Ex A.) The form states that it "is used to cancel your active

deferral account." (*Id.*) On August 31, 2015, the Department received Plaintiff's "Deferral

---

[1] This Final Decision incorporates without change the court's Decision, entered February 17, 2017. The court did not receive a statement of costs and disbursements within 14 days after its Decision was entered. *See* Tax Court Rule–Magistrate Division (TCR–MD) 16 C(1).

Cancel Statement" and cancelled her deferral. (Inv's Ex E.) Then, on September 1, 2015, Plaintiff telephoned the Department to inquire "about if she didn't sell her property and needed to reapply in 2016." (*Id.*) The Department's representative responded that Plaintiff "needed to reapply in 2016" and "she couldn't go back and include her 2015 taxes since she is now cancelled." (*Id.*) Plaintiff also sent an email to the Department on September 1, 2015. (*Id.*)

At some point thereafter, Plaintiff submitted a claim for deferral to the Department and received a New Application Denial for the 2016-17 tax year, dated February 25, 2016. (Ptf's Ltr, July 13, 2016.) Plaintiff filed her Complaint with this court on June 15, 2016. In its Answer, the Department asserted that Plaintiff may not receive property tax deferral for the 2015-16 tax year "due to her own cancellation per ORS 311.668(3)." (Ans at 1.)

During the case management conference held October 3, 2016, Plaintiff explained that she mistakenly submitted the cancellation form and did not wish to cancel her deferral account. Plaintiff agreed to send a letter to the Department explaining her mistake. The Department agreed to consider Plaintiff's request to be reinstated in the deferral program for the 2015-16 tax year and to file a written response to her letter.

Plaintiff's letter, dated October 11, 2016, explained her mistake to cancel:

"I decided to sell my home to relieve myself of the stress monthly of trying to keep up and falling behind on everything financially and to maintain the property with outdated and broken equipment. * * * [A] friend, who was a realtor told me it wouldn't sell due to the lien and being on the deferral."

(Inv's Ex F at 1.) Plaintiff went to Defendant Washington County Assessor's office and was informed that she would have to pay the current year property taxes if she dropped out of the program. (*Id.*) Plaintiff wrote that she "ignorantly thought this action [cancelling her deferral] would take off the lien." (*Id.*) Plaintiff thereafter realized that she would not have sufficient

/ / /

funds to buy a house in her area after selling the subject property and paying the mortgage, taxes, and lien. (*Id.*)

On October 14, 2016, the Department filed a Response to Plaintiff's Letter stating that, "[a]ccording to ORS 311.668(3), [the Department] may not pay the property taxes for the year cancelled." (Inv's Resp at 1.) The Department also cited OAR 150-311-0690(3)(a). (*Id.*) The court sent a letter to the Department setting forth the text of ORS 311.668(3)[2] and requesting that the Department explain how the statute supports its conclusion that Plaintiff is ineligible for the deferral program for the 2015-16 tax year due to her submission of the Deferral Cancel Statement. The court further inquired whether the Director of the Department had considered whether to grant Plaintiff a retroactive deferral for the 2015-16 tax year under ORS 311.681(1).

On November 17, 2016, the Department filed a Response to the court's letter stating that, upon a closer review of ORS 311.668(3), the Department determined that it does not support its conclusion that Plaintiff is ineligible for deferral for the 2015-16 tax year. The Department continued to rely upon OAR 150-311.0690(3)(a). The Department clarified that its Director had not considered whether to grant Plaintiff a retroactive deferral for the 2015-16 tax year under ORS 311.681(1). (Inv's Resp at 1.) The Department wrote that, according to its "existing procedures, an appeal to the Director is only considered if an account is inactivated because the applicant didn't recertify or respond to a request from us." (*Id.*)

## II. ANALYSIS

The issue presented is whether Plaintiff may be allowed property tax deferral for the subject property for the 2015-16 tax year. Plaintiff is the party seeking affirmative relief

---

[2] The court's references to the Oregon Revised Statutes (ORS) are to 2013. ORS 311.668(3) states that "deferral may not be granted * * * with respect to a claim if, at the time the claim is filed, *property taxes imposed on the homestead* of any individual filing the claim * * * *have been canceled.*" (Emphasis added.) The statute does not reference cancellation of an account from the deferral program.

and, therefore, has the burden of proof by a preponderance of the evidence. ORS 305.427. A "[p]reponderance of the evidence means the greater weight of evidence, the more convincing evidence." *Feves v. Dept. of Rev.*, 4 OTR 302, 312 (1971).

A.      *Applicable Statutory and Regulatory Scheme*

"Senior Property Tax Deferral is limited to individuals who are either older than 62 years of age or suffering from certain severe physical disabilities, and allows enrollees to defer collection of property taxes only for property used as a 'homestead,' as that term is defined in ORS 311.666(2)." *Azar v. Dept. of Rev.*, 21 OTR 302, 306 (2013) (citing ORS 311.668 and 311.670). "In addition to the age or disability requirement and 'homestead' requirement, the applicant's household income and net worth and the Real Market Value (RMV) of the property subject to deferral must also fall below threshold levels specified in the statute." *Id.* (citing ORS 311.668(1)); *see also* ORS 311.670 (concerning the eligibility of property for deferral).

In order to receive property tax deferral, a taxpayer must submit a claim "in writing on a form supplied by the Department * * *." ORS 311.672(1)(a)(A). The claim for deferral must be filed with the county assessor "after January 1 and on or before April 15 immediately preceding the property tax year for which deferral is claimed." ORS 311.672(1)(b). A tax year is a period that runs from July 1 to June 30. ORS 308.007(1)(c). Thus, for the 2015-16 tax year, a claim for deferral was due after January 1, 2015, and before April 15, 2015. The county assessor forwards the deferral claim to the Department. ORS 311.672(2). If the Department approves the deferral claim, it "has the effect of" deferring the property taxes for the property tax year beginning on July 1 of the year in which the claim is filed; continuing the deferral of any property taxes deferred for previous years that have not become delinquent under ORS 311.686; and continuing the deferral of any future property taxes as long as the eligibility requirements are met.

ORS 311.672(3). "Any taxpayer aggrieved by the denial of a claim for, or discontinuation of, deferral under ORS 311.666 to 311.701 may appeal" to this court. ORS 311.672(5).

> "Notwithstanding ORS 311.672, if an individual * * * who has elected to defer homestead property taxes in a prior tax year has not filed a timely claim for deferral for one or more tax years succeeding the year in which property taxes were initially deferred under ORS 311.666 to 311.701, then the individual may request that the Director of the Department of Revenue grant a retroactive deferral of property taxes on the property."

ORS 311.681(1). The director's authority to grant the retroactive deferral is discretionary. ORS 311.681(2). However, the director "shall not grant a retroactive deferral of property taxes if, in any intervening year between the year in which deferral was last granted to the property and the last year for which retroactive deferral is being requested, the property would not have been eligible for deferral had the claim for deferral been timely filed." ORS 311.681(3). "No appeal from a decision of the director under this section may be made." ORS 311.681(2).

The applicable statutes concerning property tax deferral contain no provisions describing a taxpayer's right to "cancel" his or her property tax deferral. *See* ORS 311.666 to 311.701.[3] However, the Department has promulgated an administrative rule, OAR 150-311-0690, which defines the term "cancellation" and establishes a time standard for the Department to determine whether to pay current year taxes upon receipt of a taxpayer's cancellation. " 'Cancellation' means that an account has been removed from the deferral program at the written request of the applicant, and not by reason of any of the events listed in subsection (2) of this rule." OAR 150-311-0690(3).[4] "If an account is cancelled prior to September 1, the department will not pay the current year taxes to the county on behalf of the applicant." OAR 150-311-0690(3)(a). "The

---

[3] By contrast, several statutes discuss a taxpayer's right to voluntarily pay deferred taxes and interest. *See* ORS 311.678(1)(c), 311.679(8), and 311.690.

[4] Subsection (2) of the rule describes events resulting in "disqualification" of a property tax deferral, such as death of the applicant or sale of the property. OAR 150-311-0690(2).

department will pay the current year taxes to the county on behalf of the applicant if an account is cancelled on or after September 1." OAR 150-311-0690(3)(b).

B.      *Plaintiff's Request for 2015-16 Property Tax Deferral*

Based on the foregoing, it is clear that a taxpayer, who has not yet received deferral, generally must submit a timely claim in order to receive property tax deferral. However, once a taxpayer has been granted property tax deferral, she will continue to receive deferral so long as she meets the program requirements. The Department has created its own procedure whereby a taxpayer may voluntarily "cancel" her participation in the property tax deferral program. That is what occurred here. Plaintiff qualified for the property tax deferral program at some point prior to the 2015-16 tax year and continued to qualify for the program as of the 2015-16 tax year.[5] Based on her erroneous belief that cancelling her property tax deferral would remove the lien on the subject property, Plaintiff submitted a "Deferral Cancel Statement" to the Department on August 31, 2015. Plaintiff realized her error and contacted the Department by telephone and email one day later on September 1, 2015. During the telephone call, Plaintiff inquired about receiving property tax deferral for the 2015-16 tax year. She was told that she could not receive deferral for the 2015-16 tax year and would have to reapply for the 2016-17 tax year.

At the point in time that Plaintiff sought to requalify for the deferral program for the 2015-16 tax year, the deadline to file a claim for deferral under ORS 311.672—April 15, 2015 —had passed. Plaintiff's only recourse was to request that the Director of the Department grant a retroactive deferral pursuant to ORS 311.681(1), which authorizes the director to grant a

/ / /

---

[5] No evidence was presented to suggest that the Department inactivated Plaintiff's property tax deferral account or disqualified her from the program. Plaintiff was "cancelled" from the deferral program solely due to her submission of the "Deferral Cancel Statement" to the Department.

retroactive deferral of property taxes when an individual has not filed a timely claim for deferral for one or more tax years succeeding the year in which property taxes were initially deferred.

Plaintiff submitted a letter to the Department in the course of this appeal explaining her mistaken cancellation and requesting that she be reinstated in the deferral program for the 2015-16 tax year. However, the Department's authorized representative wrote that the Director did not consider Plaintiff's request due to its "existing procedure" pursuant to which an appeal "is only considered if an account is inactivated because the applicant didn't recertify or respond to a request from us." (Inv's Resp at 1.) The court is not aware of the source of the Department's "existing procedure." It is not set forth in the statutes or administrative rules. Nevertheless, the legislature has given the Director discretionary authority to grant or deny retroactive property tax deferrals and has barred taxpayers from appealing those decisions. ORS 311.681(2). As a result, the court finds no authority for it to review the Department's decision not to consider Plaintiff's request under ORS 311.681(1).

### III. CONCLUSION

There is no dispute that Plaintiff met the statutory requirements for property tax deferral for the 2015-16 tax year. However, the court finds that it is without any statutory authority to grant Plaintiff's request for retroactive deferral for the 2015-16 tax year. That authority was given to the Director of the Department of Revenue, not the court. As a result, the court concludes that Plaintiff's appeal for the 2015-16 tax year must be denied. Now, therefore,

IT IS THE DECISION OF THIS COURT that Plaintiff's appeal requesting 2015-16 property tax deferral for property identified as Account R795624 is dismissed.

/ / /

/ / /

IT IS FURTHER DECIDED that, as agreed upon by the parties, Plaintiff's request for 2016-17 property tax deferral for property identified as R795624 is granted.

Dated this ____ day of March, 2017.

ALLISON R. BOOMER
MAGISTRATE

*If you want to appeal this Final Decision, file a complaint in the Regular Division of the Oregon Tax Court, by <u>mailing</u> to: 1163 State Street, Salem, OR 97301-2563; or by <u>hand delivery</u> to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your complaint must be submitted within <u>60</u> days after the date of the Final Decision or this Final Decision cannot be changed. TCR-MD 19 B.*

*This document was filed and entered on March 8, 2017.*